L7LPMARP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                         19 CR 536 (PKC)

JASON MARTINEZ,

             Defendant.

------------------------------x

                               New York, N.Y.
                               July 21, 2021
                               4:53 p.m.
Before:

                HON. P. KEVIN CASTEL,

                               District Judge

                  APPEARANCES

AUDREY STRAUSS
     United States Attorney for the
     Southern District of New York
BY:  JULIANA NEWCOMB MURRAY
     KAYLAN LASKY
     Assistant United States Attorneys

ANTHONY J. POPE
JOHN BUZA
     Attorneys for Defendant

L7LPMARP

1              (In open court)

2              (Case called)

3              MS. MURRAY:  Good afternoon, your Honor.  Juliana

4    Murray and Kaylan Lasky on behalf of the United States.

5              THE COURT:  Good afternoon to both of you.

6              And for the defendant?

7              MR. POPE:  Anthony Pope, your Honor, on behalf of the

8    defendant — good afternoon — along with -- counsel?

9              MR. BUZA:  John Buza.  Good afternoon, your Honor.

10             THE COURT:  Mr. Buza, I'm going to thank you for

11   participating, and I'm going to direct my deputy to prepare an

12   order, which I will sign, to make sure that you're appointed

13   for pretrial purposes in this case pursuant to the Criminal

14   Justice Act.  You enjoy the thanks of the Court.

15             So, Mr. Martinez, I understand you wish to enter a

16   guilty plea today; is that correct?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Before I can accept that guilty plea, I

19   must be satisfied that you understand the rights you would have

20   if this case went to trial and the rights you're giving up by

21   pleading guilty.

22             Also, I must be satisfied that you understand the

23   consequences of pleading guilty and that there's a factual

24   basis for your plea of guilty.  In a moment my deputy is going

25   to place you under oath and I'm going to ask you certain

L7LPMARP

1    questions, inform you of certain rights.

2              If I ask you something or I tell you something and you

3    don't quite understand, please let me know and I'll put it into

4    different words.

5              Also, if at any point today you wish to speak in

6    private with Mr. Pope or with Mr. Buza, I'll give you an

7    opportunity to do so.

8              Do you understand all of that?

9              THE DEFENDANT:  Yes.

10             THE COURT:  All right.  Madam Deputy.

11             (Defendant sworn)

12             THE COURT:  All right.

13             Mr. Martinez, you're now under oath, and your answers

14    to my questions are subject to the penalty of perjury or making

15    a false statement if you do not answer truthfully.  Also,

16    anything you say in this proceeding may be used in any such

17    prosecution.  Do you understand that?

18             THE DEFENDANT:  Yes.

19             THE COURT:  How old are you, Mr. Martinez?

20             THE DEFENDANT:  Thirty-nine.

21             THE COURT:  And how far did you go in school?

22             THE DEFENDANT:  Eleventh grade.

23             THE COURT:  And are you now, or have you recently

24    been, under the care of a medical doctor?

25             THE DEFENDANT:  No.

L7LPMARP

```
 1              THE COURT:  Have you ever been treated for mental
 2    illness?
 3              THE DEFENDANT:  Yes.
 4              THE COURT:  What condition?
 5              THE DEFENDANT:  It was when I was young.
 6              THE COURT:  Okay.  Did you take any medications for
 7    it?
 8              THE DEFENDANT:  Yeah; I don't remember what it was
 9    though.
10              THE COURT:  Okay.  Do you take any medications now?
11              THE DEFENDANT:  Yeah.
12              THE COURT:  What do you take?
13              THE DEFENDANT:  Zoloft.
14              THE COURT:  All right.  And when was the last time you
15    took Zoloft?
16              THE DEFENDANT:  Yesterday morning.
17              THE COURT:  All right.  Well, is your mind clear
18    today?
19              THE DEFENDANT:  Yes.
20              THE COURT:  Do you understand what's happening?
21              THE DEFENDANT:  Yes.
22              THE COURT:  Do you suffer from any addictions?
23              THE DEFENDANT:  No.
24              THE COURT:  Okay.  All right.
25              Mr. Pope, any doubts as to defendant's competence to
```

L7LPMARP

1    proceed?

2                MR. POPE:  No, your Honor.

3                THE COURT:  All right.  Based upon responses to my

4    questions and my observations, I find Mr. Martinez is fully

5    competent to proceed.

6                Now, have you discussed the charges in the indictment

7    and the evidence underlying those charges with your lawyer?

8                THE DEFENDANT:  Yes.

9                THE COURT:  Have you had enough time to consider all

10   of your options in this case?

11               THE DEFENDANT:  Yes.

12               THE COURT:  Reflecting on the entirety of matters, are

13   you satisfied with your lawyer's representation of you?

14               THE DEFENDANT:  Yes.

15               THE COURT:  And did you have a chance to meet with

16   Mr. Buza today?

17               THE DEFENDANT:  Yes.

18               THE COURT:  And did you ask him any questions?

19               THE DEFENDANT:  Yes, I did.

20               THE COURT:  And did he answer them to your

21   satisfaction?

22               THE DEFENDANT:  Yes.

23               THE COURT:  All right.  Thank you.

24               I'm now going to explain to you the rights that you

25   would have if this case proceeded to trial and the rights

L7LPMARP

1    you're giving up by pleading guilty.

2            Under the Constitution and laws of the United States,

3    you're entitled to a speedy and public trial before an

4    impartial jury on the charges contained in the indictment.  At

5    such a trial, you would not have to prove you were innocent,

6    the government would be required to prove each element of each

7    crime by proof beyond a reasonable doubt.

8            Before a jury could find you guilty, a jury of 12

9    people would have to agree unanimously that you were guilty.

10            Do you understand all that?

11            THE DEFENDANT:  Yes.

12            THE COURT:  If there were such a trial, you would be

13    entitled to be represented by counsel, and if you could not

14    afford counsel, one would be appointed at public expense.

15            Do you understand that?

16            THE DEFENDANT:  Yes.

17            THE COURT:  If there were a trial, the witnesses for

18    the government would have to come to court to testify.  You

19    would be able to see and hear them.  Your lawyer could question

20    them through cross-examination.  Your lawyer could object to

21    evidence offered by the government.  Your lawyer could present

22    evidence and could ask the Court to compel witnesses to appear

23    at trial on your behalf.

24            Do you understand that all that?

25            THE DEFENDANT:  Yes.

L7LPMARP

| | |
|---|---|
| 1 | THE COURT:  If there were such a trial, you would have |
| 2 | the right to testify if you chose to do so.  You could come up |
| 3 | here and take the witness stand.  Also, you would have the |
| 4 | right not to testify and no one would be permitted to draw any |
| 5 | inference or suggestion of guilt from the fact that you decided |
| 6 | not to testify. |
| 7 | Do you understand all that? |
| 8 | THE DEFENDANT:  Yes. |
| 9 | THE COURT:  If there were a trial and the jury found |
| 10 | you guilty, you would have the right to appeal that finding. |
| 11 | Do you understand that? |
| 12 | THE DEFENDANT:  Yes. |
| 13 | THE COURT:  Now, those are the rights you would have |
| 14 | if the case proceeded to trial.  If I accept a guilty plea from |
| 15 | you, there will be no trial.  You will proceed to the |
| 16 | sentencing phase, in which the Court will determine the |
| 17 | punishment to be imposed upon you.  Even now, you have the |
| 18 | right to change your mind; instead of pleading guilty, you may |
| 19 | plead not guilty and go to trial. |
| 20 | Do you wish to plead not guilty and go to trial? |
| 21 | THE DEFENDANT:  No. |
| 22 | THE COURT:  Do you understand that Count Three of the |
| 23 | superseding indictment charges you with conspiracy to commit |
| 24 | Hobbs Act robbery?  Do you understand that? |
| 25 | THE DEFENDANT:  Yes. |

L7LPMARP

1          THE COURT:  Do you understand that Count Three carries

2     a maximum term of imprisonment of 20 years, a maximum term of

3     supervised release of three years, a maximum fine of the

4     greatest of $250,000 or twice the gross pecuniary or monetary

5     gain derived from the offense or twice the gross pecuniary loss

6     to persons other than yourself resulting from the offense, and

7     a $100 mandatory special assessment?

8          Do you understand all that?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Count Six of the superseding indictment

11     charges you with conspiracy to distribute and possess with

12     intent to distribute five kilograms and more of mixtures and

13     substances containing a detectable amount of cocaine.  Count

14     Six carries a maximum term of imprisonment of life, a mandatory

15     minimum term of ten years imprisonment, a maximum term of

16     supervised release of life, a mandatory minimum term of

17     supervised release of five years, a maximum fine of the

18     greatest of $10 million or twice the gross pecuniary gain

19     derived from the offense or twice the gross pecuniary loss to

20     persons other than yourself resulting from the offense, and a

21     $100 mandatory special assessment.

22          Mr. Pope, is your client prepared to admit the

23     forfeiture allegations in the superseding indictment?

24          MR. POPE:  Your Honor, I don't have a copy of them.

25          THE COURT:  We'll get them for you.  I have it right

L7LPMARP

1    here.

2             MR. POPE:  I thought we were going to address that at

3    sentencing.

4             THE COURT:  But today would be the day, customarily,

5    that somebody would admit the allegations, and then the amount

6    of the forfeiture would be determined at --

7             MR. POPE:  At a later time, right.

8             THE COURT:  -- at sentencing, at a later time.

9    They're at paragraphs 14 and 16.

10             (Defendant conferring with counsel)

11             THE DEFENDANT:  Yes.

12             MR. POPE:  Yes, your Honor.  Thank you.

13             THE COURT:  All right.  Thank you very much.

14             With respect to supervised release, there are terms

15    and conditions attached to it, and if you do not live up to

16    those terms and conditions, you can be returned to prison for

17    the full period of supervised release.  So, say you receive a

18    prison term to be followed by a term of three years of

19    supervised release, and you live up to the terms of the

20    supervised release for two years but then you violate one of

21    the terms, you can be returned to prison for a full period of

22    three years.

23             Do you understand that?

24             THE DEFENDANT:  Yes.

25             THE COURT:  All right.

L7LPMARP

1              Are you a U.S. citizen?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Among the consequences of pleading guilty

4    are that you give up valuable civil rights, such as the right

5    to vote, to sit on a jury, to hold public office, to possess a

6    firearm, to hold certain other licenses, and to receive certain

7    government benefits.

8              Do you understand all that?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Are you serving any other sentence, state

11   or federal, or being prosecuted in any other court for any

12   other crime?

13             THE DEFENDANT:  No.

14             THE COURT:  In sentencing you, I will receive a

15   presentence report prepared by the office of probation that

16   will give me background information and a recommended range of

17   sentence under the sentencing guidelines.

18             After hearing from your lawyer and from the

19   government, I will make my own determination of the correct

20   guideline range.  Even after deciding the correct guideline

21   range, I need not sentence you within that range.  I can

22   sentence you all the way up to the statutory maximum or all the

23   way down to a mandatory minimum.

24             The guidelines are advisory, and they are one of the

25   factors that the Court takes account of in passing sentence

L7LPMARP

 1    upon you under a statute that is commonly known as Section

 2    3553(a).

 3              Do you understand that?

 4              THE DEFENDANT:  Yes.

 5              THE COURT:  Now, I understand there is a plea

 6    agreement entered into between you and the government, and it's

 7    reflected on an eight-page document, on the letterhead of the

 8    Department of Justice, dated July 19, addressed to Anthony

 9    Pope.  I'm going to ask the clerk to place that document in

10    front of you.  Take a look at it.

11              Is that your signature on the last page?

12              THE DEFENDANT:  Yes.

13              THE COURT:  Is that your plea agreement with the

14    government?

15              THE DEFENDANT:  Looks like it.  Yes.

16              THE COURT:  All right.  Did you read it before you

17    signed it?

18              THE DEFENDANT:  Yes.

19              THE COURT:  Did you discuss it with Mr. Pope before

20    you signed it?

21              THE DEFENDANT:  Yes.

22              THE COURT:  Did you discuss it with Mr. Buza before

23    you signed it?

24              THE DEFENDANT:  Yes.

25              THE COURT:  Did you understand it before you signed

L7LPMARP

1    it?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Has anyone threatened you or forced you in

4    any way to enter into the plea agreement or to plead guilty?

5              THE DEFENDANT:  No.

6              THE COURT:  Has anyone given you anything of value or

7    promised you anything, in order to get you to enter into the

8    plea agreement or to plead guilty?

9              THE DEFENDANT:  No.

10             THE COURT:  Does the plea agreement contain all of

11   your understandings with the government?

12             THE DEFENDANT:  Yes.

13             THE COURT:  I want you to know that any prediction,

14   calculation, or estimate that anyone has made to you as to what

15   sentence I might give you is not binding on me, not binding on

16   the Court, and if it turns out to be wrong, you will not be

17   permitted to withdraw your guilty plea.

18             Do you understand all that?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Now, one of the features of your plea

21   agreement is that you and the government have agreed on a

22   stipulated guideline range, and, in fact, that stipulated

23   guideline range of imprisonment is 210 to 262 months of

24   imprisonment, with a mandatory minimum term of imprisonment of

25   120 months.

1          Is that correct, sir?

2          MR. POPE:  Your Honor, I just want to be clear because

3    Mr. Martinez and I went over this, and just so we're clear, may

4    I speak to him, Judge?

5          THE COURT:  You may.

6          MR. POPE:  Mr. Martinez, I explained to you what the

7    guideline number is, correct?

8          THE DEFENDANT:  Yes.

9          MR. POPE:  And I also told you that you were allowed,

10    you're being allowed under the plea, to proffer under the

11    safety valve on the drug offense and, if appropriately done,

12    you would no longer have a mandatory minimum on that, is that

13    correct?

14          THE DEFENDANT:  Yes.

15          MR. POPE:  Okay.  And I told you that --

16          THE COURT:  Now, let me just pause.

17          Ms. Murray, do you agree?

18          MS. MURRAY:  Your Honor, I do agree that the defendant

19    is eligible on Count Six to come in for a proffer under the

20    First Step Act.

21          So, assuming that the defendant does engage in that

22    proffer to the satisfaction of the government, then, yes, I

23    think that that relief would apply.

24          THE COURT:  Thank you.

25          Go ahead, Mr. Pope.  I'm sorry I interrupted you.

L7LPMARP

| 1 | MR. POPE:  And that there are no mandatory minimums on |

1          MR. POPE:  And that there are no mandatory minimums on

2     Count Three, I told you that as well, correct?

3          THE DEFENDANT:  Yes.

4          MR. POPE:  And that we are allowed under the plea

5     agreement to argue factors under 3553 that could vary or

6     deviate from that guideline range as it relates to those

7     factors, correct?

8          THE DEFENDANT:  Correct.

9          MR. POPE:  Okay.

10          THE COURT:  And, Ms. Murray, you agree?

11          MS. MURRAY:  Yes, your Honor.

12          THE COURT:  Okay.  Thank you.

13          MR. POPE:  Thank you.  I just want to -- you know, for

14     somebody who's never done it before, it's not that easy to

15     understand?

16          THE DEFENDANT:  No, it just says 168 to 210, and he's

17     saying 210 to --

18          MR. POPE:  It's 168 to 205 or 210.  That's the number

19     of the guideline range.

20          THE COURT:  Well, no --

21          MR. POPE:  Your Honor was saying without the two

22     points for safety valve.  You understand that?  The safety

23     valve then drops it down from a 36 to a 34, and the 34, under

24     the guideline range, in a category II, if you're a category II,

25     is 168 to 205.

L7LPMARP

1        THE DEFENDANT:  210.

2        MR. POPE:  Or 210, yes.

3        THE COURT:  But the agreement with the government is a

4   stipulated guideline range of 210 to 262 months.  That's what I

5   understand from the plea agreement.

6        I also understand that the defendant is going to

7   proffer for the safety valve, and the guideline range — not the

8   stipulated guideline range, but the guideline range — could be

9   lower; and you're correct, if there is no mandatory minimum,

10  the Court can vary up or down from the guideline range.

11        MR. POPE:  Correct.

12        THE COURT:  That is all correct.  But there is an

13  agreement of a term which is called the stipulated guideline

14  range of 210 to 262.  The reason I say that is because the

15  government has agreed that if I sentence you within the

16  stipulated guideline range of 210 to 262 months' imprisonment,

17  that they will not appeal the sentence.

18        MR. POPE:  That is correct.

19        THE COURT:  Okay.  It's not a question; I'm informing

20  your client --

21        MR. POPE:  Oh, I'm sorry.

22        THE COURT:  -- of his rights.

23        By the same token, the government agrees that if I

24  sentence you within the stipulated guideline range in the plea

25  agreement, of 210 to 262 months' imprisonment, or below that

1    range, that the defendant will not appeal or collaterally

2    attack the sentence.

3             In other words, the defendant waives his right to

4    appeal or collaterally attack the sentence unless it is above

5    the guideline range of 210 to 262 months' imprisonment; and in

6    that event, the law will only allow him to appeal on the basis

7    that the sentence is unreasonable or contrary to law.

8             Do you understand that, Mr. Martinez?

9             THE DEFENDANT:  Yeah, that's not what I was told.

10            THE COURT:  All right.  Well, let's talk this all out.

11            So, that's what your plea agreement provides.

12            MR. POPE:  I think Mr. Martinez is understanding this,

13   and I explained it to him, that your Honor, with no mandatory

14   minimum, pursuant to factors of 3553 that could be presented,

15   by me to the Court, can go as low as you choose to.

16            THE COURT:  If he qualifies for the safety valve --

17            MR. POPE:  Right.

18            THE COURT:  If he qualifies for the safety valve, the

19   court can sentence him below the guidelines.

20            MR. POPE:  Right.

21            THE COURT:  There is no mandatory minimum if he

22   qualifies for the safety valve.  That doesn't change the term

23   of the agreement, which provides the stipulated guideline

24   range, because if you look at the appeal waiver in the plea

25   agreement, it relates to the stipulated guideline range.

L7LPMARP

1    That's the way the plea agreement works.

2            MR. POPE:  Yes, your Honor, but it also allows me to

3    argue 3553 factors.

4            THE COURT:  Right now, I am focusing on what is

5    commonly referred to as the appeal waiver provision.  Do you

6    understand?

7            MR. POPE:  Mr. Martinez, if the Court, in spite of

8    everything that's presented, decided that they do not want to

9    go below the guideline range or they want to go above the

10   guideline range, I told you this, the Court could do that.  The

11   benefit -- and what you are pleading to is a plea, which, if

12   you get if the safety valve, two points, puts you in a position

13   where there are no mandatory minimums.

14           Do you understand that?

15           THE DEFENDANT:  Yes.

16           MR. POPE:  However, if the Court were to sentence you

17   to -- let's assume you don't get the -- I don't want to do that

18   because it's going to confuse things more.

19           Two ways you get the safety valve:  One, the

20   government agrees -- and we've talked about the conditions

21   under which you can get that.

22           THE COURT:  Listen, Mr. Pope, you're welcome to do

23   this.  You can take a moment and speak to your client.

24   Mr. Buza can speak to your client.

25           MR. POPE:  Okay.

L7LPMARP

1          THE COURT:  You're welcome to talk to him, but I think

2     at the end of the day, I'm going to explain how I, the judge,

3     construe this, and I want to make sure that he understands it

4     as I understand it.  So, there's a difference -- well, I'll

5     allow you to explain it and, Mr. Buza, if you want to --

6          MR. BUZA:  Can I just have a moment with him?

7          THE COURT:  You can, you absolutely can.

8          (Defendant conferring with counsel)

9          MR. BUZA:  Thank you, Judge.

10          THE COURT:  All right.  Mr. Martinez, do you have any

11     questions for me?

12          THE DEFENDANT:  Yeah.  I was confused about the 168 to

13     210.  He said it was going to be around that, not 210 to 268.

14          THE COURT:  262.

15          MR. POPE:  That's under --

16          THE COURT:  Let me see whether I can explain it to

17     you.

18          In the agreement, it has the stipulated guideline

19     range that applies, assuming there is no safety valve proffer

20     to the government that is acceptable to them.  The government

21     decides, not me, whether you qualify for the safety valve.

22     That's their determination.

23          If you qualify for the safety valve, then the

24     stipulated guideline range of 210 to 260 months' imprisonment

25     will not apply.  In fact, I don't even know if that's the

L7LPMARP

1    correct guideline range.  It's not my guideline range.  It's

2    the guideline range in the plea agreement.  I think I mentioned

3    to you, I have my own obligation to determine the guideline

4    range.

5           Now, I understand the government agrees that you can

6    go in and make a safety valve proffer on Count Six, and that if

7    they agree you've made a good safety valve proffer, then you

8    have a different guideline range.  I don't know what that is.

9    I didn't do the calculation.  That's what your lawyers have

10   given you.  I'm sure they're giving you good advice but that's

11   not the plea agreement.

12          The plea agreement sets forth what happens if the

13   safety valve proffer doesn't work.  If the safety valve proffer

14   doesn't work, there's a mandatory minimum of 120 months, and

15   the overall stipulated guideline range is 210 to 262 months'

16   imprisonment.  That's not binding on me.  That's an agreement

17   between the parties.

18          And the agreement here provides that the government

19   will not appeal, no matter what sentence I give.  If you

20   qualify for the safety valve, the government is simply agreeing

21   that it will not appeal if the sentence is within 210 and 262

22   or above that number.

23          And you're agreeing that you will not appeal or attack

24   the sentence if it's within that range or below that range.

25   That's the appeal waiver.  That does not stop you and your

L7LPMARP

1   lawyer from arguing for a different sentence or arguing for the

2   safety valve, but you must understand that your plea agreement

3   contains an appeal waiver, and the appeal waiver is as I've

4   described it for you.

5           Do you understand?

6           THE DEFENDANT:  A little bit.  I'm not --

7           THE COURT:  Okay.

8           MR. BUZA:  If I may, your Honor?

9           THE COURT:  Yes.

10          MR. BUZA:  Thank you.

11          (Defendant conferring with counsel)

12          MR. BUZA:  Thank you, Judge.

13          THE COURT:  Okay.  Do you have any questions,

14  Mr. Martinez?

15          THE DEFENDANT:  No.

16          THE COURT:  Okay.  So do you understand the waiver of

17  the right to appeal under certain circumstances set forth in

18  the plea agreement?

19          THE DEFENDANT:  Yes, I understand.

20          THE COURT:  Okay.  All right.  Let me ask the

21  government to set forth for Mr. Martinez what the elements of

22  the crime charged is and what, in summary, would be the

23  government's evidence if the case went to trial.

24          And you should know, Mr. Martinez, on appeals, the

25  appellate courts will only allow a person to appeal on the

L7LPMARP

1  basis that a sentence is unreasonable or contrary to law.  Do

2  you understand?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Okay.  Go ahead.

5              MS. MURRAY:  Thank you, your Honor.

6              In order to prove the defendant guilty of Count Three,

7  the government would have to prove the following elements

8  beyond a reasonable doubt:

9              First, that two or more persons entered into an

10 unlawful agreement to commit a Hobbs Act robbery, as charged in

11 the indictment;

12             And, second, that the defendant knowingly and

13 willfully became a member of that conspiracy.

14             For a Hobbs Act robbery conspiracy, the elements are

15 that:

16             The defendant obtained, or attempted to obtain,

17 property from another without that person's consent;

18             That the defendant did so by wrongful use of actual or

19 threatened force, violence or fear; and, as a result of the

20 defendant's action, interstate commerce, or an item moving in

21 interstate commerce, was actually or potentially delayed,

22 obstructed, or affected in any way or degree.

23             Regarding the interstate commerce element, the

24 government submits that cocaine is not manufactured in the

25 State of New York; because it comes in from other states and/or

L7LPMARP

1    countries, it passes through interstate commerce.

2            With respect to Count Six, the government would have

3    to prove the following elements beyond a reasonable doubt --

4            THE COURT:  Well, maybe we should take --

5    Mr. Martinez, please tell me, in your own words, what you did

6    that leads you to believe that you're guilty of the crime in

7    Count Two.

8            MS. MURRAY:  Three.

9            THE COURT:  Three, I'm sorry, Count Three, conspiracy

10   to commit Hobbs Act robbery.

11           THE DEFENDANT:  One second?

12           THE COURT:  Sure.

13           (Defendant conferring with counsel)

14           MR. POPE:  Judge, could I have two minutes with the

15   client?

16           THE COURT:  Sure.

17           (Recess)

18           (Defendant conferring with counsel)

19           MR. POPE:  Okay.  Thank you, Judge.

20           THE COURT:  You can come up if you want, Mr. Finkel.

21           MR. FINKEL:  Thank you, your Honor.

22           THE COURT:  So, Mr. Martinez, please tell me, in your

23   own words, what leads you to believe that you're guilty of the

24   crime charged in Count Three.

25           THE DEFENDANT:  I conspired with others to commit

                  SOUTHERN DISTRICT REPORTERS, P.C.

                         (212) 805-0300

L7LPMARP

1    Hobbs Act and steal the cocaine.

2            THE COURT:  Okay.  And this was when, approximately?

3            THE DEFENDANT:  May 29th, 2019.

4            THE COURT:  All right.

5            And, Mr. Pope, is there any basis to challenge the

6    government's proffer on the cocaine traveling in interstate

7    commerce?

8            MR. POPE:  There is not, your Honor.

9            THE COURT:  All right.

10            And where did this take place, Mr. Martinez?

11            THE DEFENDANT:  In The Bronx.

12            THE COURT:  Okay.  And did you know what you were

13    doing was wrong and unlawful?

14            THE DEFENDANT:  Yes, I did.

15            THE COURT:  All right.

16            Does the government agree there's a sufficient factual

17    predicate for a plea to Count Three?

18            MS. MURRAY:  Yes, your Honor.

19            THE COURT:  Mr. Pope, do you agree?

20            MR. POPE:  I do, your Honor, yes.

21            THE COURT:  Mr. Buza, do you agree?

22            MR. BUZA:  Yes, your Honor.

23            THE COURT:  All right.  With regard to Count Six, the

24    government can make its presentation, please.

25            MS. MURRAY:  Thank you, your Honor.

L7LPMARP

1          In order to prove the defendant guilty of Count Six,

2     the government would have to prove the following elements

3     beyond a reasonable doubt:

4          First, that two or more persons entered into an

5     unlawful agreement to distribute and possess with intent to

6     distribute narcotics;

7          And, second, that the defendant knowingly became a

8     member of the conspiracy.

9          The drugs alleged in Count Six are five kilograms and

10    more of mixtures and substances containing a detectable amount

11    of cocaine.

12         Additionally, the government would be required to

13    prove by preponderance of the evidence that venue in this

14    district is proper as to both counts.

15         THE COURT:  And what would the government's proffer on

16    venue be?

17         MS. MURRAY:  Yes, your Honor.

18         With respect to Count Three, the robbery took place in

19    The Bronx.

20         With respect to Count Six, the defendant traveled from

21    his home, or the vicinity of his home, in The Bronx, New York,

22    in his car to Florida for the purposes of purchasing another

23    seven kilograms cocaine, and he traveled from The Bronx to

24    Florida with approximately $200,000 in his car that he was

25    going to purchase the cocaine, most of which was concealed in

L7LPMARP

1    an electronic trap.

2              THE COURT:  How would you go about proving these two

3    crimes?

4              MS. MURRAY:  If we were to go to trial, our proof

5    would include, but not be limited to:  Witness testimony; cell

6    phone toll analysis; cell phone location information;

7    electronic data, including the contents of cell phones;

8    cocaine, including the recovery of one kilogram of cocaine that

9    had been the subject of the May 29th, 2019, robbery in The

10   Bronx; lab reports of seized and recovered cocaine; law

11   enforcement reports; undercover video surveillance of the

12   defendant during the attempted seven-kilogram cocaine purchase

13   in Florida, including video that shows the defendant bringing

14   two bricks of apparent cocaine to his nose to sniff them; and

15   bulk cash, both seized from the stash inside the defendant's

16   car in May of 2020 and bulk cash seized from the defendant's

17   stash house in The Bronx in or about November of 2019.

18             THE COURT:  All right, Mr. Martinez, please tell me,

19   in your own words what leads you to believe that you're guilty

20   of Count Six of the superseding indictment.

21             THE DEFENDANT:  I conspired with others to go down to

22   Florida and buy cocaine.

23             THE COURT:  All right.  And when did this take place,

24   approximately?

25             THE DEFENDANT:  May 28th, 2020.

L7LPMARP

| | |
|---|---|
| 1 | THE COURT: All right. And you traveled from where to |
| 2 | go to Florida? |
| 3 | THE DEFENDANT: From New York. |
| 4 | THE COURT: And did you bring the money with you to |
| 5 | buy the cocaine from New York? |
| 6 | THE DEFENDANT: Yes. |
| 7 | THE COURT: And where in New York were you when you |
| 8 | left with the money for Florida? |
| 9 | THE DEFENDANT: I was at home. |
| 10 | THE COURT: Where is home? |
| 11 | THE DEFENDANT: In The Bronx, New York. |
| 12 | THE COURT: Okay, thank you. Did you know what you |
| 13 | were doing was wrong and unlawful? |
| 14 | THE DEFENDANT: Yes. |
| 15 | THE COURT: All right. |
| 16 | Does the government agree there's a sufficient factual |
| 17 | predicate for a plea to Count Six? |
| 18 | MS. MURRAY: Yes, your Honor. |
| 19 | THE COURT: Mr. Pope? |
| 20 | MR. POPE: Yes, your Honor. |
| 21 | THE COURT: Mr. Buza? |
| 22 | MR. BUZA: Yes, your Honor. |
| 23 | MS. MURRAY: Your Honor, apologies, just one note with |
| 24 | respect to the defendant's allocution. We would just ask that |
| 25 | the Court inquire as to the amount of cocaine that he |

L7LPMARP

1   conspired --

2           THE COURT:  Thank you.  And the amount of cocaine with

3   regard to Count Six -- oh, no, I'm sorry.  What type of drug

4   was it in Count Six?

5           THE DEFENDANT:  Cocaine.

6           THE COURT:  And what was the quantity?

7           THE DEFENDANT:  Five or more.

8           THE COURT:  Five or more what?

9           THE DEFENDANT:  Kilograms.

10          THE COURT:  Okay.  And what you have told me about

11  both crimes, is that the truth?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Okay.  The government agrees there's a

14  sufficient factual predicate now?

15          MS. MURRAY:  Yes.  Thank you, your Honor.

16          THE COURT:  Okay.  All right.

17          Mr. Martinez, do you have any questions for me?

18          THE DEFENDANT:  No.

19          THE COURT:  Okay.  With regard to Count Three, how do

20  you plead, guilty or not guilty?

21          THE DEFENDANT:  Guilty.

22          THE COURT:  With regard to Count Six, how do you

23  plead, guilty or not guilty?

24          THE DEFENDANT:  Guilty.

25          THE COURT:  All right.  Based upon your responses to

L7LPMARP

1   my questions and my observations of your demeanor, I find that

2   you know your rights, you know the consequences of pleading

3   guilty, and there's a factual basis for your plea of guilty.

4   Your plea of guilty is accepted.

5          Further, I find your plea agreement was knowingly and

6   voluntarily and intelligently entered into, including the

7   provision waiving your right to appeal or collaterally attack

8   the sentence under specified circumstances.

9          I'm going to order a presentence investigation and

10  report and direct that no interview take place unless your

11  lawyer is present.  It's important that you be candid, honest

12  and truthful with the people who prepare the report because the

13  report will be important in my decision on sentencing.

14         I left one thing out.  With regard to the forfeiture

15  allegations in paragraphs 14 and 16 of the superseding

16  indictment, do you admit them or do you deny them?

17         THE DEFENDANT:  I admit.

18         THE COURT:  All right.  Thank you.

19         So, the report will be prepared by the office of

20  probation.  Before the day of sentencing, you will have the

21  opportunity to review it.  I urge you to do so carefully.  If

22  there are any mistakes, point them out to your lawyer so he can

23  point them out to me.

24         Sentencing in this case is set for October 19, 2021,

25  at 2:00 p.m., and defendant is remanded until then.

L7LPMARP

1              Is there anything further from the government?

2              MS. MURRAY:  No, your Honor.  Thank you.

3              THE COURT:  From you, Mr. Pope?

4              MR. POPE:  No, your Honor.

5              THE COURT:  From you, Mr. Buza?

6              MR. BUZA:  Just to inquire if there's anything else

7    that the Court requires of me?

8              THE COURT:  No, I would say that, with this assignment

9    and with the thanks of the Court, you are discharged, and thank

10   you.

11             MR. BUZA:  Thank you, your Honor.

12             THE COURT:  All right.  We are adjourned.

13             (Adjourned)

14

15

16

17

18

19

20

21

22

23

24

25